JOHN C. WORTHINGTON, Respondent, v. JOHN H. VETTE, Appellant.

St. Louis Court of Appeals, December 13, 1898.

Agent: AUTHORITY TO PLEDGE THE GOODS OF HIS PRINCIPAL. In the case at bar no authority was given to the employee to deal with these goods beyond the transportation of them to the storage house, and the taking of a receipt therefor in plaintiff's name. When the goods were thus stored the authority of the agent to deal with them was at an end in the absence of further instructions from his principal. Despite of this the agent retook the goods and pledged them to a third party, who upon presentation of the receipt for the goods to the warehousemen obtained the goods; held, the court did not err in submitting to the jury the issue of the facts as to the ownership of the goods by plaintiff at the time they were put in the possession of his employee to be stored.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

AFFIRMED.

J. W. COLLINS for appellant.

The property in suit was in the possession and control of Joseph Schoettler, the agent of respondent, who put it in Schoettler's possession to store for him. Schoettler stored the goods and took the warehouse receipt in his own name, after which he obtained $230 from the appellant, Vette, on the receipt, which he

indorsed and delivered to appellant. Respondent is liable for, and must bear the loss occasioned by the fraudulent and tortuous acts of his agent, done by the agent in connection with doing the business for which he was employed, and respondent is not entitled to recover the property involved in this suit from appellant. Reynolds v. Witte, 13 S. C. 16; Express Co. v. Bank, 66 Mo. App. 277, 278; McCord v. W. U. Tel. Co., 39 Minn. 182, 183, 186; Tome v. Railroad, 39 Md. 36; Hill, Adm'x v. Nat. Trust Co., 108 Pa. St. 1. Under all of the evidence in the case respondent was not entitled to recover the property in controversy in this suit, and the trial court erred in refusing to give the instruction asked by appellant at the close of the evidence, which instruction was in the nature of a demurrer to the evidence. Same authorities as cited in point I. The warehouse receipt in evidence being indorsed by Joseph Schoettler, the person in whose name it is made out, and to whose order it is made subject to, and who delivered to appellant for $230, operated to transfer the property named in the receipt to appellant. The words, "not negotiable" printed on the receipt merely takes the receipt out of the operation of section 745 of the statutes of this state, relating to the negotiability of such receipts, and left the receipt as it was at common law, so it and the property named in it could be transferred by indorsement or assignment and delivery of the receipt. Dimock v. Railroad, 54 Mo. App. 407, 408, 409; Bank v. Railroad, 62 Mo. App. 538, 539; Harris v. Bradley, 2 Dillon, 285, 287; Bank v. Bates, 1 Fed. Rep. 702; Jones on Pledges, sec. 298; McCord v. W. U. Tel. Co., 39 Minn. 186. The judgment rendered in this case is erroneous, in that a money judgment is rendered against appellant. The evidence shows appellant had possession of the property in suit, and there is no evidence that he had sold the same.

The court should have assessed the value of the property and damages. R. S. 1889, sec. 7492; Dillard v. McClure, 64 Mo. App. 491.

No brief filed for respondent.

BOND, J.—Plaintiff replevied from defendant certain goods which had been stored by an employee of plaintiff in his own name and turned over to defendant as security or in payment of $230 advanced by defendant. The storage receipt was made out in the name of plaintiff's employee, and was stamped "not negotiable" on its face, and was indorsed by said employee and returned to the storage company upon the delivery of the goods to defendant. The only conflict in the evidence related to the ownership of the goods. Plaintiff testified they constituted his stock in trade left on hand at the closing out of his business, and that he directed his employee to store them in his (plaintiff's) name, and take a warehouse receipt accordingly. On the other hand the employee testified that plaintiff told him he could have the goods in payment of a debt due him from plaintiff, hence he stored them in his own name and delivered them to defendant to secure an advancement. Plaintiff had judgment before the justice and in the circuit court, where the cause was heard without a jury, and defendant appealed, and complains of the refusal of the court to sustain his demurrer to the evidence, and of a declaration given by it to the effect that if the evidence showed plaintiff never parted with the title to the goods, then under the other testimony he would be entitled to recover.

The argument of appellant is, that conceding plaintiff was the owner of the property, yet he is bound by the subsequent tortuous acts of his employee, who was plaintiff's agent, to store the same, and is therefore precluded from maintaining his suit against a third

party to whom the goods were pledged by his agent. This conclusion is untenable. Under the facts in this record plaintiff is precluded by any and all things done by his agent in the storage of the property, and hence could enforce no liability against it (the storage company) beyond the terms of its agreement or assumption of risk made with plaintiff's agent at the time the goods were deposited. But no questions of that kind are made or could arise, under the facts in this case. In this record the plaintiff is not seeking to hold the storage company contrary to its stipulations with the agent or to any greater extent than it undertook for the safe keeping of the goods. The issue here presented is one not connected with the discharge by the agent of his duties as such, but arises solely upon his acts in disposing of the property to a third party, without any authority, or title to the goods whatever. If the proposition can be maintained that a mere custody of another's goods entitles the custodian to pledge or sell the same to the detriment of the title of the general owner, then appellant's contention could be sustained, otherwise it is manifestly erroneous. Much authority is cited by the learned counsel for appellant to the effect, that a principal is liable for all the acts, tortuous or otherwise, of his agent, which are *done in the course of the agency*; but no authority has been cited to sustain the position that an agent with reference to one purpose or object will entitle the agent to bind the principal for the tortuous acts of the agent in the accomplishment of a totally different purpose or object. According to plaintiff's evidence, which must be assumed to be true in reviewing the rulings complained of not a particle of authority was

AUTHORITY of
agent.

given to the employee to deal with these goods beyond the transportation of them to the storage house, and the taking of a receipt therefor

in plaintiff's name. When the goods were thus stored, the authority of the agent to deal with them was at an end, in the absence of further instructions from his principal. Despite of this, the agent retook the goods and pledged them to a third party, exhibiting to the latter as evidence of title on the part of the agent, a receipt from the depositary. This receipt legally evidenced nothing beyond the fact that the goods had been in the possession of the party to whom they were given. It did not in any way show a further right or title in him. As far as the pledgee (defendant) is concerned, it showed no higher title in the pledger than if the latter, being in possession of the goods themselves, had delivered them to the defendant to secure the loan or had sold them to him; yet the authorities are uniform that a sale or pledge by a possessor of personal property, who has no other title thereto than the bare custody of the goods, can not prejudice the title of the real owner. For these reasons the court did not err in overruling appellant's demurrer to the evidence, nor in submitting to the jury the issue of the facts as to the ownership of the goods by plaintiff at the time they were put in the possession of his employee to be stored.

There is no merit in appellant's complaint that the judgment in this case is not in the alternative for the property or its value. The option as to which he will take belonged to plaintiff, who recovered the judgment. By not appealing from the judgment plaintiff has conclusively demonstrated his satisfaction with the sum allowed. The judgment of the circuit court is therefore affirmed. All concur.